ROBERT A. CHAISSON, Judge.
|PThis is an appeal by George Robinson, plaintiff-appellant, from a summary judgment dismissing his claims for automobile damages against Lesa Kelly, Michael Kelly and State Farm Mutual Automobile Insurance Company, defendants-appellees, on grounds that plaintiff did not carry liability insurance on his vehicle as required by La. R.S. 32:866. For the following reasons, we vacate the judgment and remand the matter to the parish court for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
The undisputed facts are these. On October 11, 2009, Mr. Robinson drove to church and parked his car on a public street near the church. Lesa Kelly collided with Mr. Robinson’s parked car causing damages estimated by State Farm, Ms. Kelly’s insurer, to be about $1,800. After church, Mr. Robinson got into the vehicle and drove home. At the time, Mr. Robinson did not have liability insurance on the car. State Farm refused to pay the claim, *1099 relying on La. R.S. 32:866, familiarly known as the “No Pay ... No Play” statute. Suit was filed |sand State Farm and its insureds urged a motion for summary judgment based on the above statute. Summary judgment was entered in the defendants’ favor and this appeal followed.
LAW AND ANALYSIS
Pursuant to La. C.C.P. art. 966(C)(1), summary judgments shall be granted where there are no material facts in dispute and the mover is entitled to judgment as a matter of law. Section (C)(2) of that article provides that where the movant will not bear the burden of proof at trial, it is sufficient to point out to the court that there is an absence of factual support for some essential element of the opposing party’s claim. Further, La. C.C.P. art. 967 provides that affidavits submitted in conjunction with, or opposed to, motions for summary judgment shall be made on personal knowledge and set forth facts that would be admissible in evidence.
In the present case, Mr. Robinson submitted an affidavit which stated that “his vehicle was legally parked — more particularly, the vehicle was in compliance with all applicable parking regulations.” The defendants argue that this affidavit is defective in that Mr. Robinson did not have personal knowledge of these facts, and further was not qualified to offer an opinion that he was “legally parked.” We disagree. The import of the affidavit is that Mr. Robinson did not observe any signs indicating that he was in a “no parking” or other restricted zone, and that his vehicle was positioned properly in the parking space. This testimony is based on personal knowledge and clearly would be admissible at trial of the matter. If defendants had information that controverted Mr. Robinson’s affidavit, they should have brought it forth in support of their claim that Mr. Robinson could not establish this fact at trial. La. C.C.P. art. 966(C)(2). We therefore reject this argument and rule that there is no factual dispute that the vehicle was legally parked in regard to all applicable parking regulations.
14There being no other facts in dispute, the issue is whether defendants are entitled to judgment as a matter of law. La. C.C.P. art. 966(C)(1). The applicable statute is La. R.S. 32:866 which, at the time of this accident, provided, in pertinent part, that there would be no recovery for the first $10,000 of property damage for an owner or operator of a motor vehicle involved in an accident where the owner or operator did not maintain compulsory liability security. Subpart H of that statute further provides that “[t]he provisions of this Part shall not apply to any vehicle which is legally parked at the time of the accident.”
The argument of the defendants is that once a vehicle becomes uninsured, any operation of that vehicle is illegal, and the fact that the operator parks it for a time during this operation does not cure this illegality. They conclude that such a vehicle thus cannot be “legally” parked. The trial judge subscribed to this argument and found that the car was not “legally parked.” In reaching this conclusion, she stated that “I think Subpart H was enacted to cover those vehicles that happen to be parked legally at a residence because there is no insurance on the vehicle. Not to cover cars that are driven uninsured and then parked legally that are hit (sic).” She therefore applied the “No Pay ... No Play” statute and dismissed plaintiffs suit. This was clear error.
There is nothing ambiguous in the statutory language of La. R.S. 32:866. It does not apply to vehicles “legally parked” at the time of the accident. If, as defendants contend, a vehicle not covered by compul *1100 sory liability security is excluded from the category of vehicles that may be legally parked, then Subpart H of La. R.S. 32:866 is rendered wholly meaningless. Nor are we persuaded that Subpart H is intended to exempt only vehicles that are “legally parked” in front of the owner’s residence. There is simply no language in the statute that defines “legally parked” in terms of the geographical location where an uninsured vehicle Ris parked, or in terms of when it was parked in relation to its last operation. Under Subpart H, if a vehicle is parked in compliance with all applicable parking regulations at the time of the accident, then that vehicle is exempt from the “No Pay ... No Play” Rule.
Defendants rely on Dallas v. Hales, 35,883 (La.App. 2 Cir. 5/8/02), 819 So.2d 367, for the rule that when the owner parks his vehicle during a period when he is operating it without insurance, no recovery can be had up to the statutory limit; but where an owner parks his vehicle because it is not insured, and it is subsequently damaged in an accident while parked, La. R.S. 32:866 does not preclude recovery. The facts in Dallas were that the owner of an uninsured vehicle was driving on an interstate highway when it broke down. He parked the vehicle on the shoulder where it was later sideswiped. The district court ruled that the owner could not recover and the appellate court affirmed. Although the above rule was set forth in Dallas, we note that the accident in that case predated enactment of Section H of La. R.S. 32:866. The Dallas court pointed out this time sequence and stated that had the accident occurred after passage of Section H, the court would have had no choice but to rule in favor of the parked vehicle’s owner. We agree with this latter observation.
For the foregoing reasons, the summary judgment in favor of Lesa Kelly, Michael Kelly and State Farm Mutual Insurance Company, defendants-appellees, is hereby set aside, and the matter is remanded to First Parish Court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.